IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
LARRY LYNN DAVIS,              )
                              )
              Plaintiff,       )          8:10CV223
                              )
         v.                    )
                              )
CONNIE MILLER, et al.,         )          MEMORANDUM OPINION
                              )
              Defendants.      )
_____)
```

This matter was transferred to this Court from the United States District Court for the District of Arizona on June 11, 2010 (Filing No. 32). At that time, several motions were pending (Filing Nos. 23, 26, 27, 28, 29 and 30). The Court will briefly discuss the case's background and then address the pending motions.

## I.    BACKGROUND

Plaintiff filed his original complaint on July 21, 2009, along with a motion for leave to proceed in forma pauperis ("IFP")(Filing Nos. 1 and 2). On August 6, 2009, Frank R. Zapata, United States District Judge for the District of Arizona, reviewed plaintiff's IFP motion, determined that plaintiff was ineligible to proceed IFP, and directed him to pay the $350.00 filing fee (Filing No. 5). Thereafter, plaintiff filed another IFP Motion (Filing No. 8). Again, Judge Zapata denied the motion (Filing No. 9). However, this time Judge Zapata directed plaintiff to pay $50.00 per month until the full $350.00 filing

fee was paid (Filing No. 9).  Plaintiff paid the full $350.00

filing fee on October 21, 2009 (Filing No. 10).

On December 8, 2009, plaintiff filed an amended

complaint against ten defendants:  the United States Government,

the Nebraska Department of Health and Human Services ("NDHHS"),

LCMS,[1] Sunrise Country Manor and six individuals (Filing No. 12).

Plaintiff is a resident of Tucson, Arizona, and defendants

reside, or are located, in Missouri or Nebraska.  (*See* Docket

Sheet; Filing No. 12 at CM/ECF pp. 1-2.)  Plaintiff alleges that

he and his wife were investigated on allegations of child abuse

in 2002.  (*Id*. at CM/ECF pp. 1-8.)  Plaintiff's claims relate to

this investigation and divorce proceedings that are currently

pending in Nebraska state court.[2]  (*Id*. at CM/ECF p. 3.)

Plaintiff's amended complaint is the operative pleading in this

matter.

After plaintiff filed his amended complaint, he filed a

motion to serve his case via the United States Marshals (Filing

---

[1] It appears that "LCMS" stands for the Lutheran Church
(Missouri Synod) (Filing No. 31 at CM/ECF p. 2 n.2).

[2] Plaintiff specifically alleges three claims: (1) "Abuse of
Process," (2) "Intentional Interference . . . with Prospective
Economic Advantage," and (3) "Assumption of Duty."  (Filing No.
12 at CM/ECF pp. 2-7.)  Although plaintiff states that this Court
has federal question jurisdiction, his claims and factual
allegations sound in state law.  (*Id*.)  Nevertheless, the Court
has jurisdiction over this matter pursuant to 28 U.S.C. § 1332
because the parties are diverse and plaintiff's alleged amount of
controversy exceeds $75,000 (Filing No. 12 at CM/ECF pp. 1, 2,
8).

No. 13).  Judge Zapata denied plaintiff's motion to serve and
informed him that he was "fully responsible for properly serving
the Defendants in the action."  (Filing No. 14.)  Six days later,
plaintiff filed another motion to serve his case via the United
States Marshals (Filing No. 15).  On February 18, 2010, Judge
Zapata denied the motion and informed plaintiff that if he failed
to effect proper service, as required by Federal Rule of Civil
Procedure 4, his case would be dismissed without prejudice
(Filing No. 16).

On March 8, 2010, summons were returned executed upon
NDHHS, Sean Brennan ("Brennan"), the office of the Nebraska
Attorney General and the United States Attorney's Office in
Lincoln, Nebraska (Filing Nos. 19, 20, 21 and 22).  Thereafter,
NDHHS, Brennan and the United States Government all filed motions
to dismiss (Filing Nos. 23, 26 and 29).  Plaintiff filed a
response to NDHHS's motion (Filing No. 25), a motion to set aside
the United States Government's motion (Filing No. 28), a motion
for default judgment against Brennan (Filing No. 27) and a motion
for hearing on default judgment against Brennan (Filing No. 30).

On June 3, 2010, Judge Zapata reviewed the record in
this case and concluded that it should be transferred to the
United States District Court for the District of Nebraska
pursuant to 28 U.S.C. § 1404(a) (Filing No. 31 at CM/ECF p. 2).
Judge Zapata gave plaintiff until June 9, 2010, to file a

-3-

document explaining why this case should not be transferred.
(*Id*.)  Plaintiff failed to respond, and the case was transferred
to this Court on June 11, 2010 (Filing No. 32).

## II.  ANALYSIS

As discussed above, Plaintiff failed to serve more than
half of the defendants in this matter.  The Court will address
this failure and then address the pending motions to dismiss.

## A.  Failure to Effect Service of Process

On February 18, 2010, Judge Zapata entered an order
that, among other things, directed plaintiff to effect proper
service upon defendants as required by Fed. R. Civ. P. 4 (Filing
No. 16).  Judge Zapata warned plaintiff that if he failed to
effect proper service, his case would be dismissed without
prejudice.  (*Id*.)

Pursuant to Fed. R. Civ. P. 4(m), plaintiff was
required to serve defendants within 120 days of filing his
amended complaint.  Plaintiff filed his amended complaint on
December 8, 2009 (Filing No. 12).  Thus, plaintiff had until
April 7, 2010, to effect service of process upon defendants.  On
March 8, 2010, plaintiff returned executed summons forms for four
of the ten defendants (Filing No. 9).  Much time has passed and
plaintiff has yet to effect service upon Stacy L. Parr, Allen
Gless, LCMS, Nathan Schwartz, Sunrise Country Manor and the
Centennial Public School Superintendent.  (*See* Docket Sheet.)

-4-

As plaintiff has failed to effect service of summonses as required by Fed. Rule of Civil Procedure 4, and Judge Zapata's order, plaintiff's claims against Stacy L. Parr, Allen Gless, LCMS, Nathan Schwartz, Sunrise Country Manor and the Centennial Public School Superintendent will be dismissed without prejudice.

**B.   Motion to Dismiss Standard**

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**C.   NDHHS and Connie Miller's Motion**

On March 18, 2010, NDHHS and Connie Miller ("Miller"), an NDHHS employee, filed a motion to dismiss (Filing No. 23).  In their motion, NDHHS and Miller argue, among other things, that plaintiff's amended complaint fails to state a claim against them upon which relief may be granted.  (*Id*. at CM/ECF pp. 7-8.)  For the reasons discussed below, the Court agrees.

1.   *Abuse of Process*

The Court liberally construes plaintiff's amended complaint to allege an "abuse of process" claim against NDHHS and Miller because Miller investigated a child abuse allegation against plaintiff and his wife when she did not have "evidence to support the case." (Filing No. 12 at CM/ECF pp. 2, 7.)  As a result of the investigation, plaintiff's wife was charged with "felony child abuse" and plaintiff's children were removed from his home for two months.  (*Id*. at CM/ECF p. 2.)  Separately, plaintiff alleges that Miller convinced his wife to file for a protection order against him when there was no evidence to support such an order.  (*Id*.)

To establish an action for abuse of legal process under Nebraska law, a plaintiff must show "(1) the existence of an ulterior purpose and (2) an act in the use of the process not proper in the regular prosecution of the proceeding." *Stagemeyer v. County of Dawson*, 192 F. Supp. 2d 998, 1010 (D. Neb. 2002).

-6-

"The gist of the tort of abuse of process is misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish, as compared with the tort of malicious prosecution, which focuses on commencing an action or causing process to issue without justification." *Id*. (internal quotation marks and citations omitted).  The improper purpose in an abuse of process claim "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Id*.

Plaintiff alleges that Miller initiated an investigation against him and his wife without "evidence to support the case." (Filing No. 12 at CM/ECF pp. 2, 7.)  In addition, he alleges that Miller convinced his wife to file for a protection order against him when there was no evidence to support such an order.  (*Id*. at CM/ECF p. 2.)  However, plaintiff does not allege that Miller had some ulterior purpose or that she committed an act that does not regularly occur during a child abuse investigation.  In short, plaintiff has failed to state an abuse of process claim upon which relief may be granted.[3]

---

[3] To the extent that plaintiff alleges a malicious prosecution claim against Miller, his amended complaint also fails to state a claim upon which relief may be granted.  To establish a malicious prosecution claim under Nebraska law, a plaintiff must establish, among other things, the commencement or

-7-

2.    *Intentional Interference with the Marital Relationship*

In addition to his abuse of process claim, plaintiff alleges that he desires to "charge" Miller with "Intentional Interference . . . with Prospective Economic Advantage" because she interfered with his marriage contract (Filing No. 12 at CM/ECF pp. 3, 5, 8). Specifically, Miller encouraged plaintiff's wife to file for divorce and "talked [her] into" filing for a protection order that prevented a reconciliation. (*Id*. at CM/ECF pp. 2, 5, 8.) The Court liberally construes these allegations to allege a claim for intentional interference with the marital relationship. (*Id*. at CM/ECF pp. 5-8.)

A claim for intentional interference with the marital relationship is, in its essence, one for alienation of affections. *See Speer v. Dealy*, 495 N.W.2d 911, 914 (Neb. 1993). However, claims for alienation of affections and criminal conversation have been abolished in Nebraska. *Id*.; *see also* Neb.

---

prosecution of a proceeding against the plaintiff and "the absence of probable cause for such a proceeding." *See Gordon v. Cmty. First State Bank*, 587 N.W.2d 343, 351 (Neb. 1998). Plaintiff does not allege that he was ever prosecuted for child abuse. Rather, he alleges that his wife was prosecuted (Filing No. 12 at CM/ECF p. 2). Plaintiff's wife is not a party to this matter and plaintiff's allegations do not show that he has "third-party" standing to bring claims on his wife's behalf. *See Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) (stating that, as a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties.) Moreover, plaintiff does not allege that Miller lacked probable cause to initiate an investigation against him.

Rev. Stat. § 25-21,188 (stating "No cause of action for (1)
alienation of affections or (2) criminal conversation shall be
allowed to commence after January 9, 1986.")  Accordingly,
plaintiff's claim for intentional interference with the marital
relationship will also be dismissed.

**D.   United States Government's Motion**

On April 13, 2010, the United States Government filed a
motion to dismiss (Filing No. 26).  In this motion, the United
States argues that plaintiff has failed to allege sufficient
facts to state a claim against it because plaintiff has failed to
state a Federal Torts Claims Act ("FTCA") claim against a United
States Government employee.  (*Id*. at CM/ECF pp. 5-6.)  The Court
agrees.

The FTCA is the exclusive remedy for suits against the
United States arising from the tortious action of a Government
employee acting within his or her scope of employment.  28 U.S.C.
§ 2679(b)(1).  Moreover, the United States is liable only "in the
same manner and to the same extent as a private individual under
like circumstance."  28 U.S.C. § 2674; *United States v. Olson,
546 U.S. 43, 46 (2005)*.

Here, plaintiff has failed to allege that a United
States Government employee was personally involved in or directly
responsible for the conduct leading to his claims.  Consequently,
plaintiff's amended complaint fails to state a claim upon which

-9-

relief may be granted against the United States Government.  *See*
*Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (concluding
that a complaint was properly dismissed because plaintiff failed
to allege facts supporting any individual defendant's personal
involvement or responsibility for violations); *see also* Ashcroft,
129 S. Ct. at 1950 (stating that a plaintiff must plead factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged).  Thus,
plaintiff's claims against the United States Government will
dismissed without prejudice for failure to state a claim upon
which relief may be granted.

**E.   Brennan's Motion**

Brennan, plaintiff's court-appointed attorney, filed a
motion to dismiss plaintiff's legal malpractice claim against him
on May 10, 2010.[4]  (Filing No. 29.)  In his motion, Brennan
argues that plaintiff's amended complaint fails to state a
plausible claim for relief against him.  (*Id*.)  Again, the Court
agrees.

Under Nebraska law, a plaintiff alleging a legal
malpractice claim "must prove three elements: (1) the attorney's
employment, (2) the attorney's neglect of a reasonable duty, and
(3) that such negligence resulted in and was the proximate cause

---

[4] The Court's Docket Sheet indicates that Filing No. 29 was
filed by plaintiff Larry Lynn Davis (*See* Docket Sheet).  However,
Filing No. 29 was clearly filed by Brennan (Filing No. 29).

of loss (damages) to the client." *Radiology Servs., P.C. v. Hall*, 780 N.W.2d 17, 23 (Neb. 2010). "The general rule regarding an attorney's duty to his or her client is that the attorney, by accepting employment to give legal advice or to render other legal services, impliedly agrees to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake." *Wolski v. Wandel*, 746 N.W.2d 143, 149 (Neb. 2008). The attorney's negligence must affect the viability of the client's interest and be shown to do so. *Staman v. Yeager & Yeager*, 469 N.W.2d 532, 534 (1991).

"A proximate cause is a cause that produces a result in a natural and continuous sequence and without which the result would not have occurred." *Radiology Servs.*, 780 N.W.2d at 23. To establish proximate cause, a plaintiff "must meet three basic requirements: (1) Without the negligent action, the injury would not have occurred, commonly known as the 'but for' rule; (2) the injury was a natural and probable result of the negligence; and (3) there was no efficient intervening cause." *Id.* at 24.

Here, plaintiff has failed to allege that Brennan acted negligently. Instead, he alleges that Brennan did a "poor job of defending [him]." (Filing No. 12 at CM/ECF p. 7.) Plaintiff states that if Brennan had asked for a "simple evidence hearing," it would have "stopped all of this from taking place." (*Id.*)

-11-

However, plaintiff does not specify what "all of this" means. Stated another way, he does not specify what his injury or loss is.  In addition, plaintiff does not describe why Brennan was representing him or when the representation occurred.

In short, plaintiff's allegations are conclusory and do not allow the Court to reasonably infer that Brennan is liable for the misconduct alleged.  *See* *Ashcroft*, 129 S. Ct. at 1950; *see also* *Martin*, 780 F.2d at 1337 (finding that although liberally construed, a pro se pleading must contain specific facts to support its conclusions; general and conclusory allegations are insufficient).  Thus, plaintiff's legal malpractice claim against Brennan will also be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of August, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-12-